UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| LARRY WALCOTT, | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
| v. | ) | No.   1:07-cv-14 |
| | ) | *Mattice/Carter* |
| HOWARD L. UPCHURCH; RICK FINGER; | ) | |
| BETH A. CASSADY; MIKE NEAL; | ) | |
| MELBA HUFFMAN; | ) | |
| | ) | |
|     *Defendants.* | ) | |

**MEMORANDUM**

Larry Walcott ("plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1). Plaintiff brings suit against Rhea County Jail personnel, Dr. Beth A. Cassady, Mike Neal, and Melba Huffman; a Veteran's Administration Hospital employee, Rick Finger; and plaintiff's private attorney, Howard L. Upchurch ("Attorney Upchurch"). Plaintiff claims Attorney Upchurch ignored his requests to assist him in obtaining medical care while he was incarcerated in the Rhea County Jail.[1] Plaintiff claims the other defendants deliberately denied him

---

[1] Even if the complaint was not time-barred and even accepting as true all of plaintiff's allegations against Attorney Upchurch, the complaint would be dismissed as to Attorney Upchurch for failing to state a claim because a civil rights action requires that the defendant act under color of state law, which is lacking in the instant case against Attorney Upchurch. The complaint fails to state a claim against Attorney Upchurch because the acts of a privately retained attorney are not acts committed under color of state law as is required to state a claim under Section 1983. *See Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 355 (1974) ("Doctors, optometrists, lawyers, Metropolitan, and Nebbia's upstate New York grocery selling a quart of milk are all in regulated businesses, providing arguably essential goods and services, 'affected with a public interest.' We do not believe that such a status converts their every action, absent more, into that of the State."); *See also Henderson v. Fisher*, 631 F.2d 1115, 1119 (3rd Cir. 1980) (lawyers are not state actors).

adequate medical treatment and inflicted cruel and unusual punishment upon him. Plaintiff seeks compensatory damages in the total amount of $13,000,000.00. As explained below, no service shall issue and this complaint will be dismissed as frivolous because it is time-barred (Court File No. 1).

## I. *Standard of Review*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted.

A. *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d at 529-30. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

## II. *Facts*

Plaintiff avers he was arrested and transported to the Rhea County Jail on April 5, 2004, where he remained until an unspecified date in May of 2004, when he was transferred to Brushy Mountain State Penitentiary in Petros, Tennessee. Plaintiff claims defendants Melba Huffmen, Mike Neal, and Dr. Beth Cassady, personnel at the Rhea County Jail, were aware of his medical needs and the medication he was prescribed at that time but failed to provide him with medical care. Plaintiff was eventually taken to the Veteran's Administration Clinic in Chattanooga, Tennessee and Ernest Finger, Head Administrator, allegedly refused to treat him.

Forty-four days later Plaintiff was transported to Dr. Cassady's private office but once again, Dr. Cassady allegedly refused to treat him. The next day plaintiff was transferred to the State Prison at Brushy Mountain in Petros, Tennessee. Currently, he resides at the State Prison in Pikeville, Tennessee.

## III. *Analysis - 42 U.S.C. § 1983 Claim*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied,* 502 U.S. 1032 (1992). Assuming without deciding that plaintiff states viable § 1983 claims against defendants, the claims are barred by the applicable statute of limitations.

All of plaintiff's claims stem from his incarceration at the Rhea County Jail during the months of April and May, 2004. For purposes of 42 U.S.C. § 1983, state statutes of limitation and tolling principles shall apply to determine the timeliness of the claims asserted. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). However, federal law determines the accrual of those claims. *Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir. 1996), *cert. denied,* 520 U.S. 1267 (1997); *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d at 1107.

Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tortious act is committed. *See Echols v. Chrysler Corp.,* 633 F.2d 722, 725-26 (6th Cir. 1980). This is known as the "time of event" rule and is applied whenever greater than *de minimus* harm is discernible at the time of the tortious event. *Hicks v. Hines Inc.,* 826 F.2d 1543, 1544 (6th Cir. 1987).

A statute of limitation begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his actions. *Collyer,* 98 F.3d at 220. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991).

Under the facts as presented by plaintiff, he was subjected to this unconstitutional treatment beginning April 5, 2004, when he was arrested and detained in the Rhea County Jail, until some unidentified date in May of 2004, when he was transferred to a state facility, Brushy Mountain Penitentiary, in Petros, Tennessee (Court File No. 1). Thus, he was aware of his injury, the denial of medical treatment, when it happened in April and May of 2004. Therefore, the last possible date

of accrual of the claims alleged in the complaint would have been May 31, 2004, and the statute of limitations expired one year later. The record indicates this action was filed in January of 2007, more than one year past the statutory time limit for assertion of such claims. Thus, the filing of the complaint occurred after the applicable statute of limitations expired. Therefore, plaintiff's 42 U.S.C. § 1983 complaint will be dismissed as time-barred.

Accordingly, plaintiff's claim that defendants denied him proper medical treatment and inflicted cruel and unusual treatment will be **DISMISSED** *sua sponte* as frivolous under 42 U.S.C. § 1983 because it is time-barred. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (Claims barred by the statute of limitations are frivolous); 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i)(ii).[2]

An appropriate judgment will enter.

                                                          */s/Harry S. Mattice, Jr.*
                                                         HARRY S. MATTICE, JR.
                                                   UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff asserts that his complaint is not time-barred because he first mailed a complaint to the Clerk of Rhea County in Dayton Tennessee on April 1, 2005, and for almost two years he tried to have them file his complaint. Although Plaintiff claims he attempted to diligently pursue his rights in state court, he does address the other three prongs of the equitable tolling test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Specifically, Plaintiff does not claim nor demonstrate he lacked actual or constructive notice of the filing requirements, tolling would not prejudice the defendant, and he was reasonably ignorant of the notice requirement. Moreover, Plaintiff's attempted pursuit of relief in state court does not demonstrate he exercised reasonable diligence. Thus, equitable tolling is not appropriate in this case.